UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AYALA MARCKTELL,

                              Plaintiff,

     – against –

NORDSTROM, INC.,

                              Defendant.

------------------------------------------------------------------X

Case No.: 20-7934

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, Defendant NORDSTROM, INC. (hereinafter "Nordstrom" or "Defendant"), by and through its attorneys, Littleton Park Joyce Ughetta & Kelly LLP, hereby petitions the United States District Court for the Southern District of New York for removal of this case to the United States District Court pursuant to 28 U.S.C. §§1441 and 1446.

Defendant Nordstrom, by and through its undersigned counsel, state the following upon information and belief:

1. Annexed as **Exhibit A** to this Notice of Removal is the Declaration of Michael H. Bai. In support of Nordstrom's Notice of Removal, the following exhibits are offered and attached:

| EXHIBITS | DESCRIPTION |
|---|---|
| B | Notice of Electronic Filing, Summons and Verified Complaint |
| C | Affidavit of Service of Verified Complaint |
| D | Nordstrom's Verified Answer |
| E | Nordstrom's Supplemental Demand for Relief Pursuant to CPLR 3017(c) |
| F | September 11, 2020 Good Faith Discovery Letter regarding Supplemental Demand for Relief |

| | |
|---|---|
| G | September 21, 2020 Good Faith Discovery Letter regarding Supplemental Demand for Relief |
| H | Plaintiff's September 21, 2020 Response to Supplemental Demand for Relief |
| I | Plaintiff's September 22, 2020 Response to Combined Demands |
| J | Declaration of Lisa Vanderdasson |
| K | New York Secretary of State Business Entity Details for Nordstrom, Inc. |
| L | Notice of Filing Notice of Removal |

## FACTUAL BACKGROUND

2. Plaintiff AYALA MARCKTELL commenced a civil action against Nordstrom in the Supreme Court of the State of New York, County of New York on or about June 19, 2020. *See* **Exhibit B**.

3. Plaintiff alleges that she tripped and fell over a stool in the shoe department of Nordstrom located at 225 West 57th Street, County of New York, State of New York, on November 8, 2019. *See* **Exhibit B,** ¶11. Plaintiff alleges that she "sustained severe and permanent personal injuries." *See* **Exhibit B,** ¶12.

4. The original Summons and Verified Complaint were served on Nordstrom on or about July 21, 2020. *See* **Exhibit C**.

5. Among other written discovery demands, Nordstrom served Plaintiff with a Supplemental Demand for Relief Pursuant to CPLR §3017(c) on August 24, 2020, seeking Plaintiff's claimed damages. *See* **Exhibit E**.

6. After Nordstrom's good faith attempts (*see* **Exhibits F and G**) to obtain a response to Nordstrom's Supplemental Demand for Relief, on September 21, 2020, Plaintiff responded that

"[w]hile it is too early determine the full extent of Plaintiff's damages, at this time Plaintiff does not believe that her damages will exceed $5,000,000.00 (Five Million Dollars)." *See* **Exhibit H**.

7. On September 22, 2020, Plaintiff served her response to Nordstrom's Combined Demands. In response to the Demand for Damages, plaintiff responded that "[a]s a result of the occurrence complained of herein and resulting injuries therefrom, plaintiff demands judgment against defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; together with the costs and disbursements of this action." *See* **Exhibit I**, p. 3.

## DIVERSITY JURISDICTION

1. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, because Plaintiff and Defendant are all citizens of different states. Further, the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* **Exhibits H and I**.

### I. Diversity of Citizenship

2. Plaintiff is a citizen of the State of New York. *See* Summons in **Exhibit B**.

3. Defendant is and at all relevant times has been a corporation incorporated under the laws of the State of Washington and maintaining its principal place of business in the State of Washington. *See* Declaration of Lisa Vanderdasson, attached as **Exhibit J** and the New York Secretary of State Business Entity Details for Nordstrom, Inc. as **Exhibit K**.

4. As it is clear that Nordstrom is a Washington, rather than a New York corporation, diversity of citizenship exists here between Plaintiff, a citizen of New York, and Nordstrom, a citizen of Washington.

### II. Amount in Controversy

5. Plaintiff alleges that she "sustained severe and permanent personal injuries." *See* **Exhibit B, ¶12**.

6. Moreover, Plaintiff alleges damages in excess of $75,000.00. Specifically, Plaintiff states that "[w]hile it is too early determine the full extent of Plaintiff's damages, at this time Plaintiff does not believe that her damages will exceed $5,000,000.00 (Five Million Dollars)." *See* **Exhibit H**. In response to the Demand for Damages, plaintiff responded that "[a]s a result of the occurrence complained of herein and resulting injuries therefrom, plaintiff demands judgment against defendant in the sum of FIVE MILLION ($5,000,000.00) DOLLARS; together with the costs and disbursements of this action." *See* **Exhibit I**, p. 3.

7. Based on the allegations of damages in the Verified Complaint in conjunction with Plaintiff's Response to Nordstrom's Supplemental Demand for Damages and Combined Demands, the amount in controversy here satisfies the jurisdictional threshold.

## TIMELINESS OF REMOVAL

8. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of September 21, 2020, which is the date when Plaintiff first served on Nordstrom a document explicitly specifying the amount of monetary damages sought. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"). *See* 28 U.S.C. §§ 1446(b)(3), 1446(c)(3)(a).

9. This Notice of Removal is also timely in accordance with 28 U.S.C. § 1446(c), because it is filed less than one year after commencement of the action.

## VENUE

10. Venue for this action upon removal is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. §112(b), as the territory assigned to the United States District Court for the Southern District of New York under 28 U.S.C. §112 embraces New York County.

**PAPERS FROM REMOVED ACTION**

11. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Nordstrom in the action are submitted with other relevant documents and the Declaration of Michael Bai in support of this Notice of Removal as **Exhibits A-K**.

**NOTICE OF FILING NOTICE OF REMOVAL**

12. In accordance with 28 U.S.C. § 1446(d) and to effect removal, Nordstrom will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York. *See* Notice of Filing Notice of Removal, attached hereto as **Exhibit L**.

WHEREFORE, Defendant Nordstrom, Inc. respectfully removes this action from the Supreme Court of the State of New York, County of New York, to this Court for all future proceedings and trial.

Dated: New York, New York
September 25, 2020

Respectfully submitted,

_____
Michael H. Bai, Esq. (MB 2074)
LITTLETON PARK JOYCE UGHETTA & KELLY LLP
39 Broadway, 29th Floor
New York, New York 10006
Tel: (212) 404-5777
Fax: (212) 232-0088
michael.bai@littletonpark.com

*Attorney for Defendant*
*Nordstrom, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 25, 2020, that the Notice of Removal was served to the address listed below by personally enclosing a true copy of the item being served securely in properly addressed and first class post-paid wrappers, and by depositing the securely sealed, properly addressed and first class post-paid wrappers containing the item being served in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York and was electronically mailed to the e-mail address Alan@greenberglawpc.com.

GREENBERG LAW, P.C.
Attorney for Plaintiff
370 Lexington Avenue, Suite 1100
New York, NY 10017
Tel.: 212-972-5656

_____
Michael H. Bai, Esq. (MB2074)